IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HENRY CLEMONS**                                                                                      **PETITIONER**

**V.**                                                                        **Cause No. 3:17-cv-685-HSO-JCG**

**BILLY SOLLIE**                                                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Henry Clemons for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Clemons is a pretrial detainee housed at Lauderdale County Detention Facility in Meridian, Mississippi. Respondent William D. "Billy" Sollie, the Sheriff of Lauderdale County, Mississippi, has filed a Motion to Dismiss (ECF No. 10). Petitioner has not responded to the Motion to Dismiss, and he did not respond to an Order to Show Cause (ECF No. 11) requiring him to respond to the Motion to Dismiss. Having considered the submissions by Respondent, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss be granted. Petitioner is not entitled to habeas relief and has furthermore failed to prosecute his claims.

BACKGROUND

Petitioner has been a pretrial detainee since his arrest for murder in December 2016. Petitioner alleges that the State of Mississippi is depriving him of his constitutional right to a speedy trial. (ECF No. 1, at 7). Petitioner complains regarding not being appointed counsel prior to indictment. *Id.* He maintains that he

has been denied access to legal representation and aid. *Id.* at 6-7. Petitioner requests legal assistance, a bond reduction, and a speedy trial. *Id.* at 8.

In response to the Petition, Respondent filed a Motion to Dismiss on grounds that Petitioner had not exhausted his state court remedies with respect to his request for a speedy trial. (ECF No. 10). Respondent offered court records establishing that on December 22, 2016, Petitioner made his initial appearance before the Municipal Court of Meridian, Mississippi, on charges of capital murder and armed robbery. (ECF No. 10-1). During a preliminary hearing, Petitioner's bond was set at $1 million on the charge of murder, with the Court noting that there was insufficient evidence of armed robbery. (ECF No. 10-2). Respondent confirmed, via the Lauderdale County Circuit Court Clerk's Office, that Petitioner was indicted on November 1, 2017, for the charge of murder, and was due to be arraigned on that charge on November 17, 2017. (ECF No. 10, at 2). Petitioner now has counsel, who filed a Petition for Writ of Habeas Corpus in the Circuit Court of Lauderdale County on October 10, 2017, seeking a reduction in Petitioner's bond. (ECF No. 10-3).

The undersigned issued an Order to Show Cause on February 5, 2018, requiring Petitioner to respond to Respondent's Motion to Dismiss on or before February 26, 2018. (ECF No. 11). The Order to Show Cause warned Petitioner that, if he did not file a timely response, his habeas petition was subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 11) (citing *Martinez v. Johnson*, 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming

dismissal of habeas petition for failure to prosecute under Rule 41(b)). The Order to Show Cause was mailed by certified mail to Petitioner's last known address at the Lauderdale County Detention Facility. The Lauderdale County Detention Facility received the Order to Show Cause on February 10, 2018. (ECF No. 12). Despite over four months having passed since that time, Petitioner has not responded to the Motion to Dismiss.

## ANALYSIS

A pretrial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citations omitted).

Relief under § 2241 is limited. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973) (citing *Ex parte Royall,* 117 U.S. 241, 253 (1886)). A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490). If a petitioner is attempting to dismiss the indictment against him or otherwise prevent prosecution of the case against him, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* The former objective is generally not attainable through federal habeas corpus; the latter is. *Id.*

To the extent that Petitioner requests the Court to force the state to provide him with a prompt trial, there is nothing in the record to indicate that Petitioner has given the state court an opportunity to review the claim. *Dickerson,* 816 F.2d at 226; *see Reed v. State,* 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009) (finding criminal defendant may assert a demand for a speedy trial in the trial court and then he is required to obtain a pretrial ruling on that motion). Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, it has long been settled that "federal courts should abstain from the exercise of [its] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson,* 816 F.2d at 225; *see Montano v. Texas,* 867 F.3d 540, 543 (5th Cir. 2017). Petitioner did not respond

to the Motion to Dismiss, and he has not addressed whether he has attempted to utilize available state procedures to raise his speedy trial concerns. Petitioner's speedy trial claim is appropriate for dismissal due to Petitioner's apparent failure to exhaust available state court remedies.

With respect to Petitioner's request for legal aid and a reduction in bond, Petitioner now has counsel in the underlying state criminal proceedings, who has filed a Petition for Writ of Habeas Corpus seeking a reduction in Petitioner's bond. (ECF No. 10-3). Even assuming that it was proper to challenge Petitioner's bail in a § 2241 proceeding, Petitioner's request is premature in light of the fact that the state court has not yet had an opportunity to review the request.

The Petition is also appropriate for dismissal in its entirety for failure to prosecute. Fed. R. Civ. P. 41(b); *see Martinez,* 104 F.3d at 772-73 (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)). Petitioner failed to respond to the Motion to Dismiss and an Order to Show Cause, requiring that he respond to the Motion to Dismiss. It is evident that Petitioner has abandoned this action.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss the 28 U.S.C. § 2241 be granted and the Petition dismissed without prejudice. Petitioner has not given the state court an opportunity to review his speedy trial claim or his request for reduction in bond. Petitioner now has counsel in the underlying proceedings. Petitioner has failed to prosecute his habeas claims.

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Role 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 12th day of June, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE